The Honorable David G. Estudillo

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**TACOMA DIVISION**

| | |
|---|---|
| MARIAH MEADE, on her own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PEACE OUT, LLC,<br><br>Defendant. | Case No.: 3:26-cv-05472-DGE<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |

Defendant Peace Out, LLC ("Peace Out"), by and through undersigned counsel, hereby submits its Answer and Affirmative Defenses in response to Plaintiff Mariah Meade's Class Action Complaint, Dkt. No. 1-2 (the "Complaint"):

**<u>ANSWER</u>**

**INTRODUCTION**

1. Paragraph 1 of the Complaint contains legal conclusions, statements, and characterizations and describes the Commercial Electronic Mail Act ("CEMA"), to which no response is required. Peace Out respectfully refers the Court to the cited statute for the actual language and full context to which no response is required. To the extent a response is required, Peace Out denies the allegations contained in Paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint contains legal conclusions, statements, and characterizations and describes CEMA, to which no response is required. Peace Out respectfully



GREENSPOON MARDER LLP
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel: 954-491-1120

refers the Court to the cited statute for the actual language and full context to which no response is required. To the extent a response is required, Peace Out denies the allegations contained in Paragraph 2 of the Complaint.

3. Peace Out denies the allegations contained in Paragraph 3 of the Complaint.

4. Peace Out denies the allegations contained in Paragraph 4 of the Complaint.

5. Peace Out denies the allegations contained in Paragraph 5 of the Complaint.

6. Peace Out denies the allegations contained in Paragraph 6 of the Complaint.

7. Peace Out denies the allegations contained in Paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8. Paragraph 8 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, Peace Out denies the allegations contained in Paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, Peace Out denies the allegations contained in Paragraph 9 of the Complaint.

## PARTIES

10. Peace Out is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, and therefore denies the same.

11. Peace Out denies the allegations contained in Paragraph 11 of the Complaint.

## FACTUAL ALLEGATIONS

12. Paragraph 12 of the Complaint contains legal conclusions, statements, and characterizations of a court decision, to which no response is required. Peace Out respectfully refers the Court to the cited decision for the actual language and full context to which no response is required. To the extent a response is required, Peace Out denies the allegations contained in Paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint contains legal conclusions, statements, and characterizations of a bill, to which no response is required. Peace Out respectfully refers the

Court to the cited bill for the actual language and full context to which no response is required. To the extent a response is required, Peace Out denies the allegations contained in Paragraph 13 of the Complaint.

14. Peace Out denies the allegations contained in Paragraph 14 of the Complaint.

15. Peace Out denies the allegations contained in Paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint contains legal conclusions, statements, and characterizations of a statute, to which no response is required. Peace Out respectfully refers the Court to the cited statute for the actual language and full context to which no response is required. To the extent a response is required, Peace Out denies the allegations contained in Paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint contains legal conclusions, statements, and characterizations of a law review article, to which no response is required. Peace Out respectfully refers the Court to the cited law review article for the actual language and full context to which no response is required. To the extent a response is required, Peace Out denies the allegations contained in Paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint contains legal conclusions, statements, and characterizations of a law review article, to which no response is required. Peace Out respectfully refers the Court to the cited law review article for the actual language and full context to which no response is required. To the extent a response is required, Peace Out denies the allegations contained in Paragraph 18 of the Complaint.

19. Peace Out denies the allegations contained in Paragraph 19 of the Complaint.

20. Peace Out denies the allegations contained in Paragraph 20 of the Complaint.

21. Peace Out denies the allegations contained in Paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint contains legal conclusions, statements, and characterizations of CEMA, to which no response is required. Peace Out respectfully refers the Court to the cited authority for the actual language and full context to which no response is required. To the extent a response is required, Peace Out denies the allegations contained in



**GREENSPOON MARDER LLP**
**200 East Broward Blvd., Suite 1800**
**Fort Lauderdale, FL 33301**
**Tel: 954-491-1120**

Paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint contains legal conclusions, statements, and characterizations of CEMA, to which no response is required. Peace Out respectfully refers the Court to the cited authority for the actual language and full context to which no response is required. To the extent a response is required, Peace Out denies the allegations contained in Paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint contains legal conclusions, statements, and characterizations of CEMA, to which no response is required. Peace Out respectfully refers the Court to the cited authority for the actual language and full context to which no response is required. To the extent a response is required, Peace Out denies the allegations contained in Paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint contains legal conclusions, statements, and characterizations of CEMA, to which no response is required. Peace Out respectfully refers the Court to the cited authority for the actual language and full context to which no response is required. To the extent a response is required, Peace Out denies the allegations contained in Paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint contains legal conclusions, statements, and characterizations of CEMA, to which no response is required. Peace Out respectfully refers the Court to the cited authority for the actual language and full context to which no response is required. To the extent a response is required, Peace Out denies the allegations contained in Paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint contains legal conclusions, statements, and characterizations of CEMA, to which no response is required. Peace Out respectfully refers the Court to the cited authority for the actual language and full context to which no response is required. To the extent a response is required, Peace Out denies the allegations contained in Paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint contains legal conclusions, statements, and



**GREENSPOON MARDER LLP**
**200 East Broward Blvd., Suite 1800**
**Fort Lauderdale, FL 33301**
**Tel: 954-491-1120**

characterizations of CEMA, to which no response is required. Peace Out respectfully refers the Court to the cited authority for the actual language and full context to which no response is required. To the extent a response is required, Peace Out denies the allegations contained in Paragraph 28 of the Complaint.

29. Peace Out denies the allegations contained in Paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint contains legal conclusions, statements, and characterizations of an FTC publication, to which no response is required. Peace Out respectfully refers the Court to the cited publication for the actual language and full context to which no response is required. To the extent a response is required, Peace Out denies the allegations contained in Paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint contains legal conclusions, statements, and characterizations of an FTC publication, to which no response is required. Peace Out respectfully refers the Court to the cited publication for the actual language and full context to which no response is required. To the extent a response is required, Peace Out denies the allegations contained in Paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint contains legal conclusions, statements, and characterizations of an article, to which no response is required. Peace Out respectfully refers the Court to the cited publication for the actual language and full context to which no response is required. To the extent a response is required, Peace Out denies the allegations contained in Paragraph 32 of the Complaint.

33. Paragraph 33 of the Complaint contains legal conclusions, statements, and characterizations of an FTC publication, to which no response is required. Peace Out respectfully refers the Court to the cited publication for the actual language and full context to which no response is required. To the extent a response is required, Peace Out denies the allegations contained in Paragraph 33 of the Complaint.

34. Paragraph 34 of the Complaint contains legal conclusions, statements, and characterizations of an FTC publication, to which no response is required. Peace Out respectfully



**GREENSPOON MARDER LLP
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel: 954-491-1120**

refers the Court to the cited publication for the actual language and full context to which no response is required. To the extent a response is required, Peace Out denies the allegations contained in Paragraph 34 of the Complaint.

35. Paragraph 35 of the Complaint contains legal conclusions, statements, and characterizations of an FTC publication, to which no response is required. Peace Out respectfully refers the Court to the cited publication for the actual language and full context to which no response is required. To the extent a response is required, Peace Out denies the allegations contained in Paragraph 35 of the Complaint.

36. Paragraph 36 of the Complaint contains legal conclusions, statements, and characterizations of an FTC publication, to which no response is required. Peace Out respectfully refers the Court to the cited publication for the actual language and full context to which no response is required. To the extent a response is required, Peace Out denies the allegations contained in Paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint contains legal conclusions, statements, and characterizations of an FTC publication, to which no response is required. Peace Out respectfully refers the Court to the cited publication for the actual language and full context to which no response is required. To the extent a response is required, Peace Out denies the allegations contained in Paragraph 37 of the Complaint.

38. Paragraph 38 of the Complaint contains legal conclusions, statements, and characterizations of an FTC publication, to which no response is required. Peace Out respectfully refers the Court to the cited publication for the actual language and full context to which no response is required. To the extent a response is required, Peace Out denies the allegations contained in Paragraph 38 of the Complaint.

39. Paragraph 39 of the Complaint contains legal conclusions, statements, and characterizations of an FTC publication, to which no response is required. Peace Out respectfully refers the Court to the cited publication for the actual language and full context to which no response is required. To the extent a response is required, Peace Out denies the allegations

contained in Paragraph 39 of the Complaint.

40. Peace Out denies the allegations contained in Paragraph 40 of the Complaint.

41. Peace Out denies the allegations contained in Paragraph 41 of the Complaint.

42. Peace Out denies the allegations contained in Paragraph 42 of the Complaint.

43. Peace Out denies the allegations contained in Paragraph 43 of the Complaint.

44. Peace Out denies the allegations contained in Paragraph 44 of the Complaint.

45. Peace Out denies the allegations contained in Paragraph 45 of the Complaint.

46. Peace Out denies the allegations contained in Paragraph 46 of the Complaint.

47. Peace Out denies the allegations contained in Paragraph 47 of the Complaint.

48. Peace Out denies the allegations contained in Paragraph 48 of the Complaint.

49. Peace Out denies the allegations contained in Paragraph 49 of the Complaint.

50. Peace Out denies the allegations contained in Paragraph 50 of the Complaint.

51. Peace Out denies the allegations contained in Paragraph 51 of the Complaint.

52. Peace Out denies the allegations contained in Paragraph 52 of the Complaint.

53. Peace Out denies the allegations contained in Paragraph 53 of the Complaint.

54. Peace Out denies the allegations contained in Paragraph 54 of the Complaint.

55. Peace Out denies the allegations contained in Paragraph 55 of the Complaint.

56. Peace Out denies the allegations contained in Paragraph 56 of the Complaint.

57. Peace Out denies the allegations contained in Paragraph 57 of the Complaint.

58. Peace Out denies the allegations contained in Paragraph 58 of the Complaint.

59. Peace Out denies the allegations contained in Paragraph 59 of the Complaint.

60. Peace Out denies the allegations contained in Paragraph 60 of the Complaint.

61. Peace Out denies the allegations contained in Paragraph 61 of the Complaint.

62. Peace Out denies the allegations contained in Paragraph 62 of the Complaint.

63. Peace Out denies the allegations contained in Paragraph 63 of the Complaint.

64. Peace Out denies the allegations contained in Paragraph 64 of the Complaint.

65. Peace Out denies the allegations contained in Paragraph 65 of the Complaint.



**GREENSPOON MARDER LLP**
**200 East Broward Blvd., Suite 1800**
**Fort Lauderdale, FL 33301**
**Tel: 954-491-1120**

66. Peace Out denies the allegations contained in Paragraph 66 of the Complaint.

67. Peace Out denies the allegations contained in Paragraph 67 of the Complaint.

68. Peace Out denies the allegations contained in Paragraph 68 of the Complaint.

69. Peace Out denies the allegations contained in Paragraph 69 of the Complaint.

70. Peace Out denies the allegations contained in Paragraph 70 of the Complaint.

71. Peace Out denies the allegations contained in Paragraph 71 of the Complaint.

72. Peace Out denies the allegations contained in Paragraph 72 of the Complaint.

73. Peace Out denies the allegations contained in Paragraph 73 of the Complaint.

74. Peace Out denies the allegations contained in Paragraph 74 of the Complaint.

75. Peace Out denies the allegations contained in Paragraph 75 of the Complaint.

76. Peace Out denies the allegations contained in Paragraph 76 of the Complaint.

77. Peace Out denies the allegations contained in Paragraph 77 of the Complaint.

78. Peace Out denies the allegations contained in Paragraph 78 of the Complaint.

79. Peace Out denies the allegations contained in Paragraph 79 of the Complaint.

80. Peace Out denies the allegations contained in Paragraph 80 of the Complaint.

81. Peace Out denies the allegations contained in Paragraph 81 of the Complaint.

82. Peace Out denies the allegations contained in Paragraph 82 of the Complaint.

83. Peace Out denies the allegations contained in Paragraph 83 of the Complaint.

84. Peace Out denies the allegations contained in Paragraph 84 of the Complaint.

85. Peace Out denies the allegations contained in Paragraph 85 of the Complaint.

86. Peace Out denies the allegations contained in Paragraph 86 of the Complaint.

87. Peace Out denies the allegations contained in Paragraph 87 of the Complaint.

88. Peace Out denies the allegations contained in Paragraph 88 of the Complaint.

89. Peace Out denies the allegations contained in Paragraph 89 of the Complaint.

90. Peace Out denies the allegations contained in Paragraph 90 of the Complaint.

91. Peace Out denies the allegations contained in Paragraph 91 of the Complaint.

92. Peace Out is without knowledge or information sufficient to form a belief as to the



**GREENSPOON MARDER LLP
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel: 954-491-1120**

truth of the allegations contained in Paragraph 92 of the Complaint, and therefore denies the same.

93. Peace Out denies the allegations contained in Paragraph 93 of the Complaint.

94. Peace Out denies the allegations contained in Paragraph 94 of the Complaint.

95. Peace Out denies the allegations contained in Paragraph 95 of the Complaint.

96. Peace Out denies the allegations contained in Paragraph 96 of the Complaint.

97. Peace Out denies the allegations contained in Paragraph 97 of the Complaint.

98. Peace Out denies the allegations contained in Paragraph 98 of the Complaint.

99. Peace Out denies the allegations contained in Paragraph 99 of the Complaint.

100. Peace Out is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Complaint, and therefore denies the same.

101. Peace Out denies the allegations contained in Paragraph 101 of the Complaint.

102. Peace Out denies the allegations contained in Paragraph 102 of the Complaint.

103. Peace Out denies the allegations contained in Paragraph 103 of the Complaint.

104. Peace Out denies the allegations contained in Paragraph 104 of the Complaint.

**CLASS ALLEGATIONS**

105. Peace Out denies the allegations contained in Paragraph 105 of the Complaint.

106. Peace Out denies the allegations contained in Paragraph 106 of the Complaint.

107. Peace Out denies the allegations contained in Paragraph 107 of the Complaint.

108. Peace Out denies the allegations contained in Paragraph 108 of the Complaint.

109. Peace Out denies the allegations contained in Paragraph 109 of the Complaint.

110. Peace Out denies the allegations contained in Paragraph 110 of the Complaint.

111. Peace Out denies the allegations contained in Paragraph 111 of the Complaint.

112. Peace Out denies the allegations contained in Paragraph 112 of the Complaint.

113. Peace Out denies the allegations contained in Paragraph 113 of the Complaint.

114. Peace Out denies the allegations contained in Paragraph 114 of the Complaint.

115. Peace Out denies the allegations contained in Paragraph 115 of the Complaint.



**GREENSPOON MARDER LLP**
**200 East Broward Blvd., Suite 1800**
**Fort Lauderdale, FL 33301**
**Tel: 954-491-1120**

## CLAIMS TO RELIEF

### First Claim to Relief

### Violation of the Commercial Electronic Mail Act, RCW 19.190.020

116. Peace Out incorporates by reference and realleges its responses from Paragraphs 1 through 104 as if fully set forth herein.

117. Paragraph 117 of the Complaint contains legal conclusions, statements, and characterizations of CEMA, to which no response is required. Peace Out respectfully refers the Court to the cited authority for the actual language and full context to which no response is required. To the extent a response is required, Peace Out denies the allegations contained in Paragraph 117 of the Complaint.

118. Peace Out is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118 of the Complaint, and therefore denies the same.

119. Peace Out denies the allegations contained in Paragraph 119 of the Complaint.

120. Peace Out denies the allegations contained in Paragraph 120 of the Complaint.

121. Peace Out denies the allegations contained in Paragraph 121 of the Complaint.

122. Peace Out denies the allegations contained in Paragraph 122 of the Complaint.

### Second Claim to Relief

### Violation of the Consumer Protection Act, RCW 19.86.020

123. Paragraph 123 of the Complaint contains legal conclusions, statements, and characterizations of the Consumer Protection Act ("CPA"), to which no response is required. Peace Out respectfully refers the Court to the cited authority for the actual language and full context to which no response is required. To the extent a response is required, Peace Out denies the allegations contained in Paragraph 123 of the Complaint.

124. Paragraph 124 of the Complaint contains legal conclusions, statements, and characterizations of CEMA and the CPA, to which no response is required. Peace Out respectfully refers the Court to the cited authority for the actual language and full context to which no response



**GREENSPOON MARDER LLP
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel: 954-491-1120**

is required. To the extent a response is required, Peace Out denies the allegations contained in Paragraph 124 of the Complaint.

125. Paragraph 125 of the Complaint contains legal conclusions, statements, and characterizations of CEMA and the CPA, to which no response is required. Peace Out respectfully refers the Court to the cited authority for the actual language and full context to which no response is required. To the extent a response is required, Peace Out denies the allegations contained in Paragraph 125 of the Complaint.

126. Paragraph 126 of the Complaint contains legal conclusions, statements, and characterizations of CEMA and the CPA, to which no response is required. Peace Out respectfully refers the Court to the cited authority for the actual language and full context to which no response is required. To the extent a response is required, Peace Out denies the allegations contained in Paragraph 126 of the Complaint.

127. Paragraph 127 of the Complaint contains legal conclusions, statements, and characterizations of CEMA, to which no response is required. Peace Out respectfully refers the Court to the cited authority for the actual language and full context to which no response is required. To the extent a response is required, Peace Out denies the allegations contained in Paragraph 127 of the Complaint.

128. Peace Out is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128 of the Complaint, and therefore denies the same.

129. Peace Out denies the allegations contained in Paragraph 129 of the Complaint.

130. Peace Out denies the allegations contained in Paragraph 130 of the Complaint.

131. Peace Out denies the allegations contained in Paragraph 131 of the Complaint.

132. Peace Out denies the allegations contained in Paragraph 132 of the Complaint.

## JURY DEMAND

133. Paragraph 133 of the Complaint consists of a legal conclusions to which no response is required. To the extent a response is required, Peace Out denies the allegations

contained in Paragraph 133 of the Complaint.

**PRAYER FOR RELIEF**

Peace Out denies that Plaintiff is entitled to any of the relief requested and Peace Out respectfully requests that this Court enter an order granting judgment in favor of Peace Out and dismissing Plaintiff's Complaint in its entirety with prejudice, together with attorney's fees, costs, and such other and further relief as this Court deems equitable and just.

**AFFIRMATIVE DEFENSES**

Peace Out relies upon and otherwise preserves the following defenses in defense of Plaintiff's Complaint, and respectfully reserves the right to assert other defenses if facts learned in discovery warrant amendment of Peace Out's Defenses. Accordingly, Peace Out asserts the following Affirmative Defenses:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff fails to state a plausible claim upon which relief can be granted under any theory of action because the factual allegations are incomplete and/or do not state a claim for relief under CEMA or the CPA against Peace Out.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, and none being admitted, were not caused by Peace Out, but by another person or entity for whom Peace Out is not responsible and over whose activities Peace Out exercises no control and/or has no right to control.

**THIRD AFFIRMATIVE DEFENSE**

Peace Out is not vicariously or otherwise liable for the acts of third parties making and/or initiating the complained of e-mail(s) to Plaintiff. At all relevant times, such third parties were not Peace Out's agents and Peace Out did not exercise direction or control over their actions.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and those of the putative class members are barred because there were no purported misstatements, they were not material, nor were they relied upon to anyone's detriment.



GREENSPOON MARDER LLP
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel: 954-491-1120

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and those of the putative class members are barred because Peace Out did not know or have to reason to know which e-mails were sent to an e-mail address held by a Washington resident or citizen and computers located in Washington were not used to initiate, conspire, or assist in the transmission of the e-mails.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and those of the putative class members are barred to the extent they were not residing in or citizens of Washington on the transmittal date of the emails allegedly sent in violation of CEMA or the CPA.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Plaintiff did not suffer any concrete harm or actual injury or specific injury to business of property. Plaintiff and, if relevant, putative class members, did not suffer any concrete harm separate and apart from a procedural violation of CEMA, and Plaintiff alleges bare procedural statutory violations divorced from any actual, concrete injury-in-fact. Plaintiff and, if relevant, putative class members, therefore lack standing.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred for failure to join necessary and indispensable parties, including but not limited to any third party that may have actually made or initiated the text messages at issue.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and those of the putative class members are barred to the extent they were not "recipients" for purposes of CEMA, RCW 19.190.020, of any e-mail allegedly sent in violation of CEMA.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and those of the putative class members are barred as preempted, in whole or in part, by federal law, including the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 ("CAN-SPAM"), 15 U.S.C. § 7701 et seq., under express-preemption and



**GREENSPOON MARDER LLP
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel: 954-491-1120**

conflict-preemption principles.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and those of the putative class members are barred because they seek to apply Washington's Commercial Electronic Mail Act, RCW 19.190.020, to Peace Out's nationwide e-mail marketing practices, and such application violates the Dormant Commerce Clause of the United States Constitution, art. I, § 8, cl. 3, because it imposes an undue burden on interstate commerce, has the practical effect of regulating commercial conduct occurring wholly outside the State of Washington, and any putative local benefits are outweighed by the burdens imposed on interstate commercial activity.

**TWELTFH AFFIRMATIVE DEFENSE**

Plaintiff's claims and those of the putative class members are barred because the statutory damages and penalties sought by them are excessive and unconstitutional under the constitutions of the United States and the State of Washington, including under the Due Process Clause of the Fourteenth Amendment of the United States Constitution and Article I, Section 3 of the Washington Constitution, including because CEMA, RCW 19.190.020, is unconstitutionally vague and imposes excessive, arbitrary, irrational, and/or disproportionate penalties in violation of due process.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because CEMA violates Peace Out's First Amendment right to free speech. Specifically, CEMA improperly inhibits the exercise of constitutionally protected speech.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because CEMA, within the context of a class action, is violative of Peace Out's constitutional rights under the Eighth Amendment prohibition against excessive fines and cruel and unusual punishment.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff and the other class members have failed to mitigate their damages, if any.



**GREENSPOON MARDER LLP**
**200 East Broward Blvd., Suite 1800**
**Fort Lauderdale, FL 33301**
**Tel: 954-491-1120**

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and those of the putative class members are barred, in whole or in part, by the doctrines of acquiescence, ratification, estoppel, waiver, and unclean hands due to the acts and omissions of Plaintiff and/or putative class members or others that are attributable to Plaintiffs and/or putative class members, including because Plaintiff and the putative class members were aware of and thereafter ratified and benefited from Peace Out's alleged conduct, by receiving discount offers, of which they now complain or by remaining subscribed to Defendant's emails.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrines of laches and/or waiver for Plaintiff's and other class members' failure to timely notify the alleged e-mailers that the e-mail messages allegedly made to them should cease.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and those of the putative class members are barred, in whole or in part, by the doctrine of laches due to the acts and omissions of Plaintiff and/or putative class members or others that are attributable to Plaintiffs and/or putative class members, including by unreasonably delaying efforts to bring their claims, causing prejudice to Peace Out's ability to defend against the asserted claims.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and those of the putative class members are barred, in whole or in part, by their failure to mitigate their alleged injury or damages, including because they did not unsubscribe from Peace Out's e-mails.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims and those of the putative class members are barred, in whole or in part, by the applicable statute(s) of limitations.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims and those of the putative class members are barred, in whole or in part, including any award of trebled damages, because Peace Out did not act willfully or knowingly in



**GREENSPOON MARDER LLP
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel: 954-491-1120**

connection with any alleged violation and/or complied with the letter and spirit of CEMA.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims and those of the putative class members are barred because any violation, which is expressly denied, was the result of an unintentional, bona fide error notwithstanding procedures reasonably adapted to avoid such error.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims and those of the putative class members may be barred by the exceptions provided under CEMA.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to assert the claims and allegations set forth in the Complaint.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and the claims of any putative class member are barred to the extent they agreed to arbitrate the asserted claim(s) against Peace Out.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and the claims of putative class members are barred to the extent Plaintiff and putative class members agreed to waive any participation in a class, including as to the asserted claim(s) against Peace Out.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and the claims of putative class members are barred to the extent CEMA, RCW 19.190.020, purports to amend the Consumer Protection Act, RCW 19.86.020, including but not limited to by defining or establishing, in whole or in part, violations of the Consumer Protection Act or remedies available for claims brought under the Consumer Protection Act, CEMA violates Article II § 37 of the Washington Constitution.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and those of the putative class members are barred, in whole or in part, by Peace Out's Terms of Use or other terms that Peace Out furnished or that Plaintiff and putative class members may have agreed to with Peace Out.



**GREENSPOON MARDER LLP
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel: 954-491-1120**

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

As a separate and alternative defense, Plaintiff's Complaint does not describe the claims made against Peace Out with sufficient particularity to enable Peace Out to determine what additional defenses it may have in response to the Complaint. Peace Out therefore reserves its right to assert any additional defenses which may be applicable once the precise nature of the underlying matters is pleaded or otherwise ascertained through discovery, investigation, or otherwise.

**RESERVATION**

Peace Out reserves the right to amend this Answer up and through the time of trial to assert any additional affirmative defenses, when and if, during the course of its investigation, discovery or preparation for trial, it becomes appropriate to assert such affirmative defenses.

WHEREFORE, Defendant Peace Out, LLC respectfully requests that this Court enter judgment against Plaintiff and in favor of Peace Out, dismiss this action with prejudice, award Peace Out its reasonable attorneys' fees and costs incurred in defending this action, and for such other relief this Court deems just and proper.

Dated: June 5, 2026

GREENSPOON MARDER LLP
*/s/ Roy Taub*
Jeffrey A. Backman (Florida Bar No. 662501)
Roy Taub (Florida Bar No. 116263)
200 E. Broward Blvd., Suite 1800
Ft. Lauderdale, FL 33301
(954) 491-1120
jeffrey.backman@gmlaw.com
rene.vazquez@gmlaw.com
roy.taub@gmlaw.com
cheryl.cochran@gmlaw.com

NOSSAMAN LLP
Brian Ferrasci-O'Malley (WSBA No. 46721)
719 Second Avenue, Suite 1200
Seattle, WA 98104

(206) 395-7630
bferrasciomalley@nossaman.com

*Attorneys for Defendant*
*Peace Out, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that, on June 5, 2026, a true and correct copy of the foregoing document was filed with the Court's CM/ECF System, which will automatically generate and send by e-mail a notice of electronic filing to all counsel of record, which constitutes proof of service for individuals so served.

By: */s/ Roy Taub*
Roy Taub